IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARACELIA O.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 19 C 3496 |
| v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Aracelia O.'s application for Supplemental Security Income ("SSI"). [Dkt. 1.] Counsel was recruited for Plaintiff [14], and this Court thanks appointed counsel for his service. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Dkt. 19.] For the reasons that follow, Plaintiff's motion for summary judgment [dkt. 24, Pl.'s Mem.] is denied, and the Commissioner's motion for summary judgment [dkt. 28, Def.'s Mot.] is granted.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for her predecessor. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**BACKGROUND**

**I.      Procedural History**

On April 18, 2016, Plaintiff filed a claim for SSI, alleging disability beginning January 1, 2016. [Dkt. 18, R. 78.] Plaintiff's claim was denied initially and again upon reconsideration. [*Id.*] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 22, 2018. [*Id.*] Plaintiff was represented by counsel and personally appeared and testified at the hearing with the assistance of a Spanish-language interpreter. [*Id.*] Vocational expert ("VE") Linda M. Gels also testified. [*Id.*] On September 19, 2018, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [R. 78-86.] The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. [R. 1-8.]

**II.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 80-86.] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. [*Id.* at 80.] At step two, the ALJ concluded that Plaintiff had the severe impairment of bilateral sensorineural hearing loss, and the non-severe impairments of vertigo and bilateral patellar chondromalacia (otherwise known as patellofemoral pain syndrome which produces pain in and around the knees). [*Id.* at 80-81.] The ALJ concluded at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the Social Security Administration's listings of impairments (a "Listing"). [*Id.* at 81-82.] Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: she can engage in no climbing of ladders, ropes, or scaffolds; can

occasionally climb stairs or ramps; can occasionally kneel or crouch; must avoid concentrated exposure to noise and vibration; and can have no exposure to hazards such as unprotected heights or machinery with unguarded moving mechanical parts. [*Id.* at 82-85.] At step four, the ALJ concluded that Plaintiff would be able to perform her past relevant work as a medical assistant, which is classified as skilled light work as generally performed, but which Plaintiff had described as performing in a sedentary manner. [*Id.* at 85-86.] Accordingly, the ALJ found that Plaintiff is not disabled under the Social Security Act, without reaching step five in the sequential evaluation process. [R. 86.]

## DISCUSSION

### I.  Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ follows a five-step sequential process, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of

3

proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g). *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). The Court plays an "extremely limited" role in reviewing the ALJ's decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837. Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The

ALJ must "explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder*, 529 F.3d at 413.

**II.    Analysis**

In her request for reversal or remand, Plaintiff argues that the ALJ committed reversible error in finding her able to perform her past work despite her hearing loss and knee impairment, and in failing to reach a step five determination of other work she would be able to perform given her limitations. [Dkt. 24, Pl.'s Mem. at 2-3; dkt. 30, Pl.'s Reply at 1-3.] Plaintiff assigns further error in the Social Security Administration Appeals Council's decision to decline reconsideration of her claim based on her submission of additional evidence after the administrative hearing. [Pl.'s Mem. at 4-5; Pl.'s Reply at 3.] The Commissioner argues that the ALJ's decision should be affirmed because it is supported by substantial evidence, the ALJ adequately accounted for Plaintiff's hearing loss and knee impairment in crafting her RFC, and the ALJ appropriately determined that Plaintiff could perform her past relevant work. [Dkt. 29, Def.'s Mem. at 2-8.] Further, the Commissioner argues, the Appeals Council did not err as Plaintiff asserts, but instead appropriately determined that Plaintiff's additional evidence did not meet the standard to warrant reconsideration of the ALJ's decision. [*Id.* at 8-11.] For all of the reasons explained below, this Court agrees with the Commissioner, and affirms the ALJ's decision.

*Substantial Evidence Supports the ALJ's Decision*

According to Plaintiff, the ALJ erred in concluding that Plaintiff could perform her past work as a medical assistant, despite having found that she has the severe impairment of bilateral hearing loss and the non-severe knee impairment of bilateral patellar chondromalacia. [Pl.'s Mem. at 2.] Citing no legal authority or specific evidence in support, Plaintiff asserts that the ALJ did not take into account Plaintiff's ability to properly perform the work-related activities of a medical assistant. [*Id.*] According to Plaintiff, because her hearing loss could result in misunderstandings, her patellar chondromalacia could result in a fall, and either of those things could result in medical complications or other risks to patient safety, it was unrealistic and an abuse of discretion for the ALJ to conclude that Plaintiff was capable of continuing to work as a medical assistant. [Pl.'s Mem. at 2-3.] Plaintiff's argument fails, however, because the ALJ's determination that Plaintiff can perform her past work was supported by substantial evidence, determined under the correct legal standard, and supplied with an accurate and logical bridge from the evidence to the conclusion. *See Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). It is well settled that the court does "not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Id.* (citing *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998)).

It is important to recall at the outset that Plaintiff bears the burden of proving she cannot perform her past relevant work. *See Briscoe,* 425 F.3d at 352 (claimant bears burden at steps one through four of sequential evaluation process); *Scheck v. Barnhart,* 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability."). To assess Plaintiff's claim, the ALJ appropriately engaged in a comprehensive review of the evidence of Plaintiff's hearing loss and patellar

6

chondromalacia. [*See* R. 82-85.] *See* 20 C.F.R. §416.946(c). Specifically, the ALJ noted that the record reflected "no significant medical event occurring at or near the January 2016 alleged onset date." [*Id.* at 83.] To the contrary, the ALJ observed, Plaintiff testified that she had sustained hearing loss after a vehicle accident 25 years earlier, that she had had tinnitus for some 20 years, and that both had progressed. [*Id.* at 82-83.] The ALJ considered Plaintiff's report during an August 2016 doctor's visit that she has had trouble keeping jobs due to her hearing loss, but concluded based on a review of the termination letter Plaintiff had provided that it appeared that at least some of the reason for her termination was related to her limited English abilities as opposed to hearing loss. [*Id.* at 82-83, 106-07.] The ALJ further noted that although Plaintiff had some emergency medical treatment during the relevant time period, none was related to worsening hearing loss, tinnitus, loss of balance, dizziness, vertigo, or knee pain. [R. 83, 485-90, 515-517.] Similarly, the ALJ observed that although Plaintiff was to undergo vestibular testing to determine the etiology of her reported dizziness, there was no evidence of the results of such testing. [*Id.* at 84.]

As the ALJ observed, Plaintiff testified that she was able to read lips, and that she was able to hold regular telephone conversations by simply maximizing the volume. [*Id.* at 82-83.] As the ALJ also noted, Plaintiff acknowledged improvement with the use of hearing aids, and she testified that although the old ones she had lost had reportedly caused her dizziness, she was planning on getting a new set as soon as her insurance allowed. [R. 83.] Notably, the ALJ additionally observed that the record reflected more than one occasion where Plaintiff functioned well without hearing aids, including during the hearing itself. [*Id.* at 83-84, 108-09.]

The ALJ also thoroughly considered Plaintiff's chondromalacia patella and complained of knee pain. In particular, he noted Plaintiff's testimony that the pain "comes and goes" and was

7

triggered by climbing stairs. [R 83, 115-16.] The ALJ reviewed the objective evidence, including records from Plaintiff's treating orthopedist demonstrating Plaintiff's normal gait, full strength, and lack of any limp, crepitus or tenderness. [*Id.* at 81, 406-07.] As the ALJ observed, Plaintiff's contemporaneous reports to her medical providers in January 2016 showed that Plaintiff had reported following the conclusion of physical therapy that she had no knee pain, improved range of motion, and only occasional cracking in her left knee. [*Id.* at 81, *citing* 406-07.] He further observed that in May 2016, Plaintiff again denied any complaints. [*Id.*, citing R. 431.]

Finally, the ALJ weighed the state agency medical consultants' opinions that Plaintiff was limited to light work with certain non-exertional limitations, as well as Plaintiff's physician's opinions, first in April 2016 that Plaintiff had no functional limitations and that her only limitation was related to hearing, and then in September 2016 that Plaintiff was limited in her ability to lift, carry, and walk. [*Id.* at 84-85.]

Upon this thorough review of the testimony and evidence, the ALJ fashioned an RFC that accommodated for Plaintiff's hearing loss by requiring her to avoid concentrated exposure to noise or vibration, and accommodated for her chondromalacia, despite the lack of objective evidence of any lingering deficits or problems bending at the knee, by limiting Plaintiff to light exertion with no climbing of ladders, ropes, scaffolds, only occasional kneeling or crouching, and only occasional climbing of ramps or stairs. [R. 82.] He then appropriately compared Plaintiff's RFC with the physical and mental demands of her past relevant work, and considered the VE's testimony that an individual with Plaintiff's limitations could perform her past work as a medical assistant both as generally performed and as she had described it. [*Id.* at 85-86, 119-21.] The ALJ was authorized to rely on that testimony, *see* 20 C.F.R. § 416.960(b)(2), which Plaintiff's then-counsel had not questioned or otherwise challenged. [*See* R. 121.]

8

Although Plaintiff raises no explicit challenge to the ALJ's reliance on the VE's testimony, to the extent that she quarrels with his acceptance of that testimony by asserting that it fails to appropriately consider the impact of her limitations on patient safety, her argument fails. First, any such argument is forfeited by Plaintiff's prior counsel's failure to object or question the basis of the VE's testimony on the issue. *See Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016) (challenge to VE's testimony supplementing the *Dictionary of Occupational Titles* is forfeited by failure to raise it during administrative hearing); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) (challenge to reliability of data underlying VE's opinion is forfeited by failure to object during administrative hearing); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) (same). Further, to the extent any challenge was not forfeited below, it is waived by Plaintiff's failure to develop the argument now. *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (perfunctory and undeveloped arguments and arguments that are unsupported by pertinent authority are waived). Moreover, Plaintiff points to no limitation she asserts the ALJ failed to account for in crafting her RFC and no medical opinion suggesting her ailments prevented her from performing her past work. Plaintiff's speculative and unsupported assertions about patient safety are no basis to reverse the ALJ's decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (speculation that additional evidence could have been obtained does not warrant remand); *see also Skinner v. Astrue,* 478 F.3d 836, 842 (7th Cir. 2007) (noting that counseled claimant is "presumed to have made his best case before the ALJ").

The Court is similarly unpersuaded by Plaintiff's assertion that the ALJ's conclusion that Plaintiff's hearing loss was a "longstanding impairment with which [she] worked," punished Plaintiff for previously working with a disability. [*See* Pl.'s Reply at 1-2.] To the contrary, the Seventh Circuit has observed that "[e]vidence that [a plaintiff's] impairment did not interfere with

9

h[er] work . . . would be a reason for the ALJ to discount the disabling nature of the problem[.]" *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003); *see also Morrison v. Saul*, 806 Fed. App'x 469, 475 (7th Cir. 2020) (claimant's return to work after three back surgeries and search for work upon being laid off was adequate reason to discount claim that impairments were disabling); *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015) (noting that Plaintiff's "testimony that her sleeping disorder prevented her from working was inconsistent with her testimony that she worked for many years with the disorder and that medication kept it under control.").

Plaintiff has the burden of proof on this issue, but does not point to any specific requirement related to her past work that is inconsistent with the ALJ's RFC determination. [*See* Pl.'s Mem.; Pl.'s Reply.] *See also* 20 C.F.R. § 404.1512(a); *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) ("It was [plaintiff's] burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work."). Because substantial evidence supports the ALJ's determination, Plaintiff's assignment of error fails. *See Biestek*, 139 S. Ct. at 1154; *Beardsley*, 758 F.3d at 836-37.[3]

*Step Five in the Sequential Process*

Plaintiff next argues that the ALJ erred in failing to undertake a step five analysis to determine whether Plaintiff could perform other work existing in significant numbers in the national economy beyond her prior work as a medical assistant. [Pl.'s Mem. at 3.] This argument readily fails, however, because the ALJ followed the sequential evaluation as far as was necessary in this case. [*See* R. 80-86.] Because the ALJ determined that Plaintiff could perform her past relevant work, the inquiry appropriately ended at step four. *See* 20 C.F.R. § 416.920(a)(4) ("If we

---

[3] Similarly, Plaintiff's arguments about whether her prior termination was adequately explored or whether her new hearing aids would be effective fail to undermine the ALJ's determination. *See Biestek*, 139 S. Ct. at 1154; *Beardsley*, 758 F.3d at 836-37.

can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). As the regulation provides, "If you can still do your past relevant work, we will find that you are not disabled." 20 C.F.R. § 416.920(a)(4)(iv). Given his step one through four determinations, the ALJ was obliged to go no further.

*Additional Evidence*

Finally, Plaintiff argues that the Appeals Council erred in declining review of her case, and in not considering certain additional evidence of her knee impairment. [Pl.'s Mem. at 4.][4] Specifically, Plaintiff complains that the treatment notes she submitted from Presence Healthcare SMN Physical Therapy, dated September 5, 2018 to December 11, 2018, should not have been rejected as post-dating her September 19, 2018 administrative hearing because some of them pre-dated the hearing. [*Id.*] According to Plaintiff, therefore, the Appeals Council was wrong to conclude that this evidence would not affect whether she was disabled before September 19, 2018 because the records contradicted the ALJ's conclusion that physical therapy had been a remedy for her. [*Id.*] This argument does not prevail, for several reasons.

As the Commissioner correctly observes, the Appeals Council did not state that it rejected those records as post-dating the hearing. [*See* Def.'s Mem. at 8-9, citing R. 2.] Instead, the Appeals Council explained that it considered two sets of Presence Healthcare records, and concluded for different reasons that neither met the criteria to warrant reconsideration of the ALJ's determination. [*See* R. 2.] Under the governing regulation, the Appeals Council is to review the ALJ's decision upon the receipt of additional evidence that "is new, material, and relates to the

---

[4] To the extent that Plaintiff also asserts that the ALJ failed to consider all relevant evidence because he did not have the Presence Healthcare treatment notes, this argument is waived because Plaintiff raised it for the first time in her reply brief. *See, e.g., Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019) (arguments first raised in reply are waived); *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013) (same).

period on or before the date of the hearing decision, *and* there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5) (emphasis added). As the Appeals Council explained, it considered two sets of Presence Healthcare records, one dated December 2, 2016 to September 26, 2018 (20 pages), and one dated September 26, 2018 to December 11, 2018 (11 pages), and it determined that the earlier records did not show a reasonably probability that they would change the outcome of the ALJ's decision, and that the later records were not related to the adjudicated period. [*See* R. 2.] Accordingly, the Appeals Council did not improperly disregard the records pre-dating the administrative hearing as being later in time, but instead found them to be immaterial.

To the extent that Plaintiff asserts that the Appeals Council erred in concluding that the Presence Healthcare records were immaterial because they "contradict[] the ALJ's finding that plaintiff's physical therapy is a remedy for plaintiff's impairment, and that the physical therapy was a basis for finding that plaintiff was not disabled," this argument is also unpersuasive. [Pl.'s Mem. at 4.] A review of the ALJ's decision makes plain that he did not make those findings, but as discussed above, he concluded only that Plaintiff had reported to her medical providers that she was not in pain upon the conclusion of physical therapy in 2016 and that her range of motion had improved. [*See* R. 81, 83.] Plaintiff's argument based on the Presence Healthcare records pre-dating her administrative hearing does not contradict that finding. *See Stepp v. Colvin*, 795 F.3d 711, 725 (7th Cir. 2015) (evidence is material if it creates a "reasonable probability that the Commissioner would have reached a different conclusion" (quoting *Perkins v. Chater,* 107 F.3d 1290, 1296 (7th Cir. 1997)). Further, notwithstanding Plaintiff's argument, the ALJ credited Plaintiff's continued complaints of intermittent knee pain and expressly crafted an RFC to accommodate "any residual knee pain or swelling and other symptoms related to [Plaintiff's] knee

12

impairment," by excluding climbing ladders, ropes, or scaffolds, and only allowing for occasional climbing of stairs or ramps, and occasional kneeling and crouching. [*See* R. 84.] Accordingly, Plaintiff's assignment of error fails.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 24] is denied, and the Commissioner's motion for summary judgment [dkt. 28] is granted. The Court affirms the Commissioner's final decision.

**SO ORDERED.**

Date: 8/9/21

_____
BETH W. JANTZ
United States Magistrate Judge

13